Filed Oct. 29, 1884.

———◆———

No. 11,159.

CRAIG, ADMINISTRATOR, *v.* THE NOBLESVILLE AND STONY CREEK GRAVEL ROAD COMPANY.

WITNESS.—*Evidence.*—*Practice.*—*Experts.*—*Opinion.*—In an action against a gravel road company for injuries causing death, received while crossing a culvert on defendant's road, the opinion of an expert as to the cause of death, upon facts proven by others, can only be taken upon a hypothetical case stated to the witness, and not upon his own construction and recollection of the evidence given.

From the Hamilton Circuit Court.

*W. Booth, D. Moss, R. R. Stephenson* and *H. A. Lee,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellee.

FRANKLIN, C.—Appellant, as administrator, sued the gravel road company for the death of John Craig, alleged to have been caused by injuries received while crossing a culvert on defendant's road.

An issue was formed by a general denial to the complaint. There was a trial by a jury, which resulted in a verdict for the defendant. Over a motion for a new trial judgment was rendered for the defendant.

Under the overruling of the motion for a new trial, appellant submits to this court for decision certain questions in relation to the admission of testimony, the rejection of certain other testimony, and the instructions of the court to the jury. Appellant first complains of the following question

to and answer by Dr. Cyrus, a witness on behalf of the defendant:

"Considering Dr. Murphy's, the attending physician's, testimony to state the facts about the condition of this man when he found him, and from that time on up until he died, what would you say was the matter with him, and what was the cause of his death? Answer. To take the case through, as Dr. Murphy stated it, of all of his visits taken together, I should regard it as a case of some obstructive disease of the liver, with blood poisoning from that."

The objection to this question and answer was that that was not the proper way to elicit an opinion as evidence from an expert witness. The deceased lived some time after the injury.

In the case of *Bishop* v. *Spining*, 38 Ind. 143, it was said: "Whatever may be the rule in cases where there is no dispute as to the facts in relation to which an opinion is sought, in cases like the present, the facts being disputed and in controversy, it is clearly incompetent to ask an opinion based upon the conclusion of the witness as to the facts. 1 Greenl. Ev., section 440. The party seeking an opinion in such case may, within reasonable limits, put his case hypothetically as he claims it to have been proved, and take the opinion of the witness thereon, leaving the jury, of course, to determine whether the hypothetical case put is the real one proved."

In the case under consideration the evidence is not in the record, and we can not tell whether there was any conflict as to the facts stated by Dr. Murphy, and upon which the witness was asked to give an opinion.

In the case of *People* v. *Lake*, 12 N. Y. 358, it was held to be error to permit an expert witness who had heard only a part of the testimony in relation to the condition of the mind of the prisoner, and without any previous acquaintance with him, to testify as to his belief that he was sane. In the opinion the following language is used: "In my opinion a medical witness, who has been present during the whole trial

and has heard all the evidence, but had no previous knowledge of the prisoner, can not, if the evidence be objected to, give his opinion as to the state of the prisoner's mind at the time of the commission of the alleged offence. In such a a case, before the questions upon matters of science can arise, the witness must determine in his mind upon the truth of the evidence which he has heard; which is not a matter of science, but of fact for the jury." If he can not give an opinion based upon the testimony of all the witnesses, upon what principle can he give an opinion based upon the testimony of one of the witnesses?

In the case of *Burns* v. *Barenfield*, 84 Ind. 43, it was held that an expert witness could not give his opinion upon what he supposed he knew about the case, without stating the facts upon which the opinion was based; that the facts must either be stated by the witness or proved by some other witness; that the jury had a right to determine whether the facts stated, as well as the opinion given, were true or false; and that the facts stated, if proved by another witness, must be by putting a hypothetical question. The opinion concludes in the following language:

" It is not to be inferred from what has been said, that the professional witness can, if present during the trial, base his testimony upon his recollection and construction of the evidence given in the case. He must base his opinion upon his own testimony, or upon a statement of the facts assumed to have been proven."

Whatever may have been the practice heretofore upon this question, we think this recent case lays down the correct rule. See the case of *Guetig* v. *State*, 66 Ind. 94 (32 Am. R. 99); also, *Goodwin* v. *State*, 96 Ind. 550, and cases therein cited; and *Elliott* v. *Russell*, 92 Ind. 526.

To allow an expert witness to give his opinion upon the general facts stated by another witness or other witnesses, without the jury being informed in any way as to what facts testified to controlled the opinion, certainly would take from

the jury one of the means of judging as to the correctness of the opinion.   The expert's memory might be deficient in recollecting all the facts testified to ; he might have a different understanding of, or place a different construction upon, the language used by the witness or witnesses upon whose testimony he based his opinion, from what the jury would have or place, if they were informed upon what facts testified to the opinion was based.   We think the only safe rule in allowing an expert witness to give an opinion, based upon the testimony of others, is to require the assumed facts, upon which an opinion is desired, to be stated hypothetically ; then the jury can judge whether the assumed facts, upon which the opinion is based, have been proved, and weigh the opinion as applicable to them.

We think the court erred in admitting the testimony above referred to ; and, as the judgment must be reversed for this reason, we deem it unnecessary to decide the other questions presented ; they may not arise upon a subsequent trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to grant a new trial, and for further proceedings.

Filed Oct. 30, 1884.