THE BEDFORD BELT RAILWAY COMPANY *v.* PALMER.

[No. 1,829.   Filed September 24, 1896.]

EVIDENCE.—*Expert Witness.*—*Hypothetical Question.*—It is improper to ask an expert witness to give an opinion based upon his recollection of the testimony of another witness. The assumed facts upon which an opinion is desired should be stated hypothetically.

From the Monroe Circuit Court. *Reversed.*

*F. M. Trissal, Matson & Giles* and *H. A. Lee*, for appellant.

*H. C. Duncan, J. R. East* and *R. N. Palmer*, for appellee.

DAVIS, C. J.—This is an appeal from a judgment for $3,100.00 against the appellant, in an action brought by the appellee to recover compensation for his services as an attorney.

The only error assigned is the overruling of appellant's motion for a new trial.

George O. Iseminger, an attorney, was asked this question by appellee:

"From what you heard Mr. Palmer testify here as to the amounts in controversy in all these cases, and the services rendered by him, and the amount he fixes for his services, state whether or not, in your opinion, such services were reasonably worth the amount he charged for them?"

The following objections to the question were stated: "It permits the witness to pass his opinion on a statement made by Mr. Palmer. An expert must state the facts himself on which he bases his opinion, and not give it on the statement of others. It is clearly incompetent." The objection was overruled and exception saved.

The witness then answered: "They were."

The action of the court in overruling appellant's objection to the question and in admitting the evidence is assigned as one of the causes in the motion for a new trial.

In our opinion the court erred in this ruling.

It was not proper to ask the witness whether appellee's opinion as to the value of his service was correct. The appellee testified as to his services and the value thereof. The witness Iseminger was not asked as to

The Bedford Belt Railway Company *v.* Palmer.

his opinion of the value of the services "based upon a statement of the facts assumed to have been proven," but he was asked to "base his testimony upon his recollection and construction of the evidence given in the case" by appellee. The rule applicable in such cases is correctly stated in *Craig, Admr.,* v. *Noblesville, etc., Gravel Road Co.*, 98 Ind. 109, as follows: "We think the only safe rule in allowing an expert witness to give an opinion, based upon the testimony of others, is to require the assumed facts, upon which an opinion is desired, to be stated hypothetically; then the jury can judge whether the assumed facts, upon which the opinion is based, have been proved, and weigh the opinion as applicable to them."

The question propounded to the witness did not seek to elicit his opinion based upon his personal knowledge of the services rendered. The testimony of appellee covers sixty pages of typewritten manuscript, and the substance of the question asked the witness was whether the services described by appellee in his testimony were worth the amount he charged for them as fixed by him in his testimony. The facts were not admitted. Whether the facts as testified to by appellee were proved was a question for the jury.

If the appellee desired the opinion of the witness as an expert, he should have assumed the existence of a certain state of facts in a hypothetical question as the basis on which he desired his opinion. *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409, 420; *Deig, Exr.,* v. *Morehead*, 110 Ind. 451, 460.

It is true there is other evidence sustaining the verdict. We cannot, however, assume that the result would have been the same in the absence of the testimony of the witness Iseminger. We may assume that appellee was entitled to recover something, and

that a verdict would in any event have been returned in his favor for some amount, but we cannot assume that the amount would have been $3,100.00. The value of services is largely a matter of opinion, and in the absence of the testimony of Iseminger the verdict might have been for a less amount.

Other questions are presented by the record, but as they may not arise on another trial, it is not necessary to consider them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.