[No. 1792.]

FAIRBANKS, MORSE & CO. v. WEEBER.

1. PRACTICE—EVIDENCE—ORDER OF PROOF.
The order of proof is largely within the discretion of the trial court, and in an action by an attorney for fees the fact that plaintiff was permitted to call other attorneys as expert witnesses on rebuttal to show the reasonable value of the services which should have been shown on the main case is not reversible error.

2. PRACTICE—EVIDENCE—EXPERT WITNESSES—ATTORNEYS' FEES.
In an action by an attorney for fees, where other attorneys were called as experts to prove the value of the services, it was not competent for the stenographer to read to the witnesses plaintiff's testimony and ask them to base their opinion of the value of the services on the testimony, but the opinions should have been based upon hypothetical questions propounded by counsel, and it was still more erroneous to read to the witnesses only part of plaintiff's testimony and permit them to base their opinions upon what they heard read.

3. PRACTICE—JURIES—COERCION.
It was reversible error for the court to call in a jury that were deliberating on a case and tell them that they would be confined for several days, naming the time, unless they agreed on a verdict, and would receive but one meal a day.

4. PLEADING—PRACTICE—CONTRACTS—QUANTUM MERUIT.

In an action by an attorney for fees where the complaint alleged an agreement to pay plaintiff a good fee, it was not an allegation of an express contract and evidence was admissible to prove the reasonable value of the services.

*Appeal from the District Court of Arapahoe County.*

Mr. CHAS. H. DYETT and Mr. S. D. WALLING, for appellant.

Mr. W. J. WEEBER, for appellee.

BISSELL, P. J.

Weeber brought suit against Fairbanks, Morse & Company to recover $2,740 for services rendered as an attorney at law. The answer denied the contract, admitted the appointment and an agreement to pay a reasonable sum for those stated as the first cause of action, and as to the second and third an agreement to pay under certain contingencies. The case was tried by a jury which rendered a verdict for the plaintiff for $1,550. Judgment was entered thereon.

We regret our inability to affirm the judgment because the reasons for the reversal are to be found in the irregularities occurring during the progress of the trial which are in no manner based on the unjustness of the verdict or the failure of the plaintiff to establish a cause of action. We should have been very glad to affirm it since we are unable to see that substantial justice was not done. The condition of the record does not permit it.

The case has been argued on several bases, but there are only two matters to which we need refer to determine the appeal and we omit all others lest what we say might prejudice one party or the other on the subsequent trial. The plaintiff to maintain his case offered himself as a witness and testified about the appointment and its terms. In opposition to the case thus made the defendants produced their agent

who testified per contra, denying what the plaintiff had testified to, and then produced some lawyers who testified as to the value of the services which the plaintiff had rendered. Thereafter the plaintiff offered other lawyers as expert witnesses. The defendant promptly objected on the ground that it was not proper rebuttal. The court overruled the objection and let the testimony in. We do not regard this as a vital error, though we believe the testimony should have been produced by the plaintiff while he was making out his main case. The order of proof and what may be done on rebuttal is so largely within the discretion of the trial judge that courts very rarely disturb judgments because of the course which he may have taken. At all events we should not in this case. The fundamental difficulty, however, is that when the plaintiff produced his expert testimony and attempted to prove by the lawyers the value of his labor he put no hypothetical questions to the witnesses, but asked to have the stenographer read the testimony which he had given, that thereon he might base his question, and that thereon also the attorneys might base their opinion. The stenographer was permitted to read portions of the testimony, being instructed to read only that part of it which related to the time consumed and the labor done by the plaintiff under the appointment. The defendants very promptly objected, insisting that all of it must be read that thereon the experts might form their opinion. The objection was overruled and the stenographer read such parts of it as he seemed to think were material to the inquiry. In this we think the court manifestly erred. He erred for two reasons; in the first place the plaintiff was not entitled to have the testimony which he had given in his behalf read by the stenographer to the jury, who would thereby and again be advised about what the plaintiff had testified to. It is not the plaintiff's privilege to have the recollection of the jury refreshed and perhaps new ideas and new expressions installed by repetition of the testimony by the reading of stenographic notes. We have substantially settled that question although under some-

what different circumstances in *Hersey v. Tully*, 8 Colo. App. 110. Whether for this error alone we would reverse the case need not be decided because there is a still stronger reason to be found in what occurred. As a general proposition it is the duty of counsel to state hypothetically what he intends to establish by the evidence and then say to the expert witness, if these facts are found by the jury, what in your opinion is the value of the services thus rendered. Possibly it might be put in a different shape, such as assuming that the plaintiff did such and such things, and spent such and such time and accomplished such and such results; if the jury finds this to be true, what in your judgment was the value of that labor. The expert witness is not permitted to form his opinion about the evidence and thereon base his statement of the value of what was done. To determine what facts exist and draw the proper deduction therefrom are peculiarly within the privilege of the jury. We do not deem it necessary to go farther than to state this general doctrine because it is well established, and about it there is no controversy. We only refer to a few cases in support of it. *State v. Bowman*, 78 N. Car. 509; *People v. Aikin*, 66 Mich. 460; *Link v. Sheldon*, 136 N. Y. 1; *Guiterman v. Liverpool Steamship Co.*, 83 N. Y. 358; *Craig v. Gravel Road Co.*, 98 Ind. 109; *Bedford Ry. Co. v. Palmer*, 16 Ind. App. 17; *Reynolds v. Robinson, et al.*, 64 N. Y. 589. We do not intend by the statement nor by the citation of these particular authorities to hold that this is the only way in which a result can be arrived at because there may be other ones equally available. It is quite possible the authorities permit an examination different in form and somewhat analogous to that upheld when witnesses have heard all the witnesses on the subject and are then allowed to give their opinion respecting the situation and condition of the plaintiff, or respecting the value of services rendered. About this we express no opinion because the case does not require it. All we intend to hold is, that in the present case it was incompetent to have the stenographer read part of the testimony and then ask the lawyers

their opinion respecting the value of the plaintiff's services based on what they had heard read when the defendant objects to the procedure and insists on the presentation of the entire testimony. A still further reason is to be found in the responses of the witnesses who stated " on what we have heard read, we should say, that the value of the plaintiff's services was so much." Evidently their opinion was limited to what they had heard, and since it was not the entire case made by the plaintiff, we do not concede their testimony was admissible.

However, all this may be, there is an error in the proceedings which under any circumstances would compel us to reverse the judgment. After the testimony was all in, the jury were instructed and sent out. On the second day they were brought in and according to the affidavit attached to the motion for a new trial, there was a colloquy between the court and the jury, and the court then stated what we refer to and which undoubtedly constitutes error. We regard this matter as properly before the court. The code of 1887, section 387, provides that no exception need be taken to opinions or decisions sustaining or overruling motions for a new trial. It is likewise provided by section 217 that a verdict or judgment may be vacated and a new trial granted on application for certain causes, and further that it may be made on affidavit or affidavits filed with the motion when the motion is made on one of the statutory grounds. One of them is set out in the motion and supported by affidavit. Under the provisions of section 387 we may examine the motion and the affidavit in order to determine whether or not a new trial ought to have been granted. By the affidavit it appears that the jury was called before the court at four o'clock on the second day after the submission of the case; that the court was about to adjourn and they had not agreed; the court told them that they would be confined till the following Tuesday morning, it being then Saturday, unless they agreed on a verdict, and would not receive more than one meal a day. That this was an irregularity which compels a reversal is beyond dispute,

nor do we need authorities to support it. *Vide McCormick v. Cox,* 8 Colo. App. 17. Proceedings of this description are undoubtedly irregular and constitute reversible error. The jury is a part of the court when properly impaneled and it depends upon the court for its existence. It is undoubtedly entitled to consult the court and the court has the right to give it instructions and direct it as to its duties under certain well understood conditions and circumstances. We know, however, of no power possessed by the court to even by implication coerce or compel a verdict. It undoubtedly has the right when circumstances warrant it to retain the jury for what may seem to be an unreasonable time in the hope of compelling an agreement; it has no right, however, to coerce the jury by the suggestion that they shall be confined a specific time if they fail to agree, that time being more than sixty hours, and whatever may be its right with regard to feeding the jury or entertaining them, it has no right to force a verdict by telling them that they shall be kept to a fixed date and have only one meal a day unless they agree. What would be the result, or what we might hold in case the record showed the jury were kept out sixty hours and fed one meal a day is in no manner suggested or decided. Whether that would be within the power of the court we do not know; whether that practice would be approved or a verdict rendered under such circumstances upheld we do not indicate; all we intend to hold is, that where the court directly tells the jury that they will be compelled to remain that length of time and be deprived of ordinary entertainment, it is indirectly compelling them to reach a verdict. This the court has no power to do. Wherever the court has adopted such a course we may not assume that the verdict is a fair and honest result of the deliberation of the jury, but must conclude as a matter of fact it was a coerced verdict which must not stand.

There was no appearance by the appellee. One question is suggested in the briefs and in the arguments to which we give no force and the terms of which we do not concede, lest it be concluded on the subsequent trial we have so decided.

VOL. XV—18

It is one of the contentions of appellant's counsel that the evidence respecting the value of plaintiff's services cannot be introduced under the complaint because it would permit him to recover on a *quantum meruit* while he had declared on an express contract. The legal proposition is correctly stated as this court decided in *Rockwell Co. v. Castroni*, 6 Colo. App. 528. As we read the complaint there is no allegation of an express contract. It is averred that the defendant agreed through its agent that in case of a successful result he should have a good fee. This was no contract for a specific sum which would preclude the plaintiff from proving what a good fee was or the reasonable value of his performance. The fee proven, and the fee apparently established by the judgment would under the circumstances, if the jury found the facts with the plaintiff, probably be adjudged not only a good fee, but a reasonable fee. However this may be, it is not a matter specifically for our consideration, and we simply refer to it in answer to the contention of counsel and that there may be no misapprehension on the part of the trial court on the subsequent hearing that this proposition was resolved by the court in favor of the appellant's contention.

For the errors which we have discussed and demonstrated this judgment must be reversed and the case sent back for a new trial.

*Reversed.*