*McWilliams* and *J. Ristine*, for appellee.

———— ◆ ————

## BISHOP *v.* SPINING.

38 143
154 126

NEGLIGENCE.—*Expert Evidence.*—Where, in an action for damages caused by unskilful treatment of a broken limb, the evidence was conflicting as to the method of treatment adopted, it was held improper to ask an expert, who had heard the evidence, his opinion, from the evidence, as to the propriety of the treatment.

SAME.—*Hypothetical Case.*—The party seeking an opinion in such a case may, within reasonable limits, put his case hypothetically, as he claims it to have been proved, and take the opinion of the witness thereon.

APPEAL from the Fountain Circuit Court.

WORDEN, C. J.—This was an action by the appellant against the appellee to recover damages for the alleged negligent and unskilful treatment, by the defendant, as a physician and surgeon, of the plaintiff's arm and hand, which had been crushed and lacerated, and some of the bones of which had been broken, by the cylinder of a threshing machine. The defendant pleaded, amongst other things, a counter claim for his services in the treatment of the plaintiff's wound. No question arises in the cause on the pleadings. Issue, trial, verdict, and judgment for the defendant on his counter claim, the plaintiff having unsuccessfully moved for a new trial on the ground of the admission of the improper evidence hereinafter stated.

On the trial there was an apparent, if not a real, conflict in the evidence in respect to the mode of the treatment of the plaintiff's limb by the defendant, and especially in respect to the question whether or not splints were used in the treatment. Whether splints were used was one of the controverted questions in the cause, and there was testimony given as to the propriety of their use in such case.

It appears by a bill of exceptions, that after all the evidence as to the facts alleged in the respective.pleadings had been given, the defendant introduced and examined several medical witnesses as experts, and propounded to them, severally, the following questions: First. "Have you heard the evidence in this case?" This question *being* answered affirmatively, it was asked: Second. "From your understanding of the nature, extent, and character of the wound and fractures upon the hand, wrist, and forearm of the plaintiff, and the treatment thereof, as disclosed by the evidence in this case, state whether or not the defendant treated the same with ordinary skill and care." The plaintiff objected severally to the witnesses' answering the second question, and properly pointed out his objection; but the objection was overruled, and exception taken. The witnesses answered

Bishop *v.* Spining.

severally, and the most of them expressed opinions favorable to the defendant.

We think it clear that the court erred in admitting the evidence objected to. We have seen that there was a material conflict in the evidence as to the mode of treatment, and yet the witnesses were asked to give an opinion upon that treatment as disclosed by the evidence in the case. Before the witnesses could give an intelligent answer, they would have to determine what the treatment was, as disclosed by the evidence. In other words, they would have to settle upon some theory which they regarded as established by the evidence, and then give their opinion upon the treatment thus assumed to have been pursued. But the jury might have come to a conclusion the opposite of that of the witnesses whose opinions were sought. The jury may have concluded from the evidence that a course of treatment was pursued entirely different from that assumed to have been pursued, on which opinions were elicited. It is, perhaps, superfluous to say that the jury, and not the physicians, were to determine what course of treatment was actually pursued.

Whatever may be the rule in cases where there is no dispute as to the facts in relation to which an opinion is sought, in cases like the present, the facts being disputed and in controversy, it is clearly incompetent to ask an opinion based upon the conclusion of the witness as to the facts. 1 Greenl. Ev., sec. 440.

The party seeking an opinion in such case may, within reasonable limits, put his case hypothetically as he claims it to have been proved, and take the opinion of the witness thereon, leaving the jury, of course, to determine whether the hypothetical case put is the real one proved.

There was some other evidence given of a similar character, which it is unnecessary to notice specially. For the error in the admission of the evidence, the judgment will have to be reversed.

VOL. XXXVIII.—10

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*T. F. Davidson*, for appellant.

*J. M. Butler*, for appellee.