## NAVE ET AL. *v.* TUCKER.

SUPREME COURT.— *Weight of Evidence.—Practice.*—The Supreme Court will not disturb a verdict, upon the mere weight of the evidence.

EVIDENCE —*Attorney.*—The testimony of a witness that the plaintiff, in whose behalf he is testifying, employed him to bring a certain action and authorized him to employ assistance, goes to prove a fact and not a mere statement or declaration of the plaintiff; nor is the evidence rendered incompetent by the fact that the witness had not been admitted to practise as an attorney.

SAME.—*Hypothetical Case.*—Where there is evidence tending to establish a hypothesis assumed in a question propounded to a witness, this is sufficient to justify the admission of the evidence sought to be elicited by such question, as the jury must determine ultimately whether the hypothesis is established.

INSTRUCTION.—*Evidence of Agreement.*—Where there is no direct evidence in a case establishing an agreement, but there is evidence which, if true, tends to prove such agreement, it is not error for the court to instruct the jury that "if there was an agreement," etc., "then your verdict should be," etc.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*T. J. Cofer* and *N. M. Taylor,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellants, the complaint stating, in substance, that the plaintiff employed the defendants, who were attorneys engaged in the practice of law, under the firm name and style of Nave & Son, to assist in the prosecution of a certain action by her against one William T. Walton, in the Hendricks Circuit Court, for which services the defendants were to have a reasonable compensation, which the plaintiff alleged was the sum of $50; that the defendants, assisted in the prosecution of said action, in which the plaintiff recovered the sum of $750, the action being for the breach of a contract for marriage; that the defendants have, as such attorneys, collected from Walton the amount of the judgment thus recovered by her against him, and have retained in their possession two hundred and twenty dollars thereof, which they have failed to account for or pay to the plaintiff, though often demanded, etc.

Issue; trial; verdict and judgment for the plaintiff.

The error assigned is upon the overruling of a motion made by the appellants for a new trial.

The case turned, in a great measure, upon the amount to which the appellants were entitled for their services in the action mentioned in the complaint; and, from the amount found for the plaintiff, the jury must have allowed the defendants, for such services, something over one hundred dollars. The evidence tended to sustain the verdict, though in it there was considerable conflict.

We can not, in accordance with well settled principles, disturb the verdict upon the evidence. We proceed, therefore, to consider the other grounds upon which it is claimed that a new trial should have been granted.

On the trial of the cause, at the proper time, the plain-

Nave *et al. v.* Tucker.

tiff introduced as a witness on her behalf, one Augustus T. Stone, and put to him the following question : " Did you see the plaintiff in this suit before you called at the office of the defendants in Danville, in April, 1875, and, if so, what was said by plaintiff to you in regard to bringing a suit against one Walton for breach of marriage contract ?" This question was objected to by the defendants on the ground of " illegality and irrelevancy;" but the objection was overruled, and the witness answered that " the plaintiff did, in the month of April, 1875, employ him to bring a suit for her against one William T. Walton, to recover damages for a breach of marriage contract, and authorized him to employ some attorney in Danville to assist him in bringing and prosecuting said suit; and that he did afterward call at the office of the defendants in Danville, and then and there employed them to assist him in bringing and prosecuting said suit in the Hendricks Circuit Court, in favor of the plaintiff and against William T. Walton; and that defendants were to draft the complaint and assist in trying the case, for which they were to have a reasonable fee; witness was to hunt up the evidence in said cause, and learn from the witnesses what they would swear on the trial; was to marshal the evidence and do all the work out of court-room," etc.

It is claimed, as we understand the brief of counsel for the appellants, that this evidence was objectionable because the plaintiff could not give in evidence her own statements or declarations ; and because the witness was not an attorney admitted to practice in any of the courts of record of the State. The evidence of the witness did not go to prove a mere declaration or statement of the plaintiff, but a fact, viz., that the plaintiff employed the witness to bring the action mentioned, and authorized him to employ assistance.

As to the point that the witness was not an admitted

attorney, it is sufficient to say, that this was not made a a ground of objection to the testimony; but, had it been, it is not perceived how the evidence could be thereby rendered incompetent.

Stone testified to some other matters not necessary to be stated in detail, over the objection of the defendants on the ground of "illegality and irrelevancy;" but we think the testimony was clearly relevant, and do not perceive that it was in any respect illegal.

The plaintiff was introduced as a witness in her own behalf, and testified to certain matters, over the objection of the defendants, on the ground that the testimony was "incompetent." No ground on which the testimony was incompetent was pointed out, and we are of opinion that none existed. Certain other testimony was given by the plaintiff, over the objection of the defendants, without any ground of objection being pointed out further than that it was not "competent or proper." We see nothing objectionable in the evidence.

Certain questions were put to witnesses, for the purpose of ascertaining the value of the defendants' services in the case mentioned, if a certain hypothesis assumed in the questions should be found established; and these questions were objected to on the ground that the hypothesis had not been proved. But there was evidence tending to establish the hypothesis, and this was sufficient to justify the evidence. The jury were to determine ultimately whether or not the hypothesis was established. *Davis* v. *The State,* 35 Ind. 496.

The appellants objected and excepted to the instructions of the court, but in their brief have pointed out no objection to any of them, except the following, viz.:

"If there was an agreement between the defendants. and Stone, that the whole fee was to be $200, and it was to be equally divided between them, your verdict

should be for the plaintiff for $120, and interest." The objection made to this instruction is, that "there was no evidence given on the trial of said cause that there was an agreement made by and between the defendants and Stone, that the whole fee was to be $200."

There may have been no direct evidence establishing such agreement; but there was evidence which, if true, tended to prove such agreement, and from which it might have been inferred. Thus, the plaintiff testified, "that defendants then told her that they had entered a lien on the record of the court for two hundred dollars, for their fee and Stone's fee, in her suit against William T. Walton, and that Stone was to have one-half of the two hundred dollars," etc.

There was other similar testimony in the cause.

We find no error in the record.

The judgment below is affirmed, with costs.

Opinion filed at November term, 1879.
Petition for a rehearing overruled at May term, 1880.