No. 11,979.

## DAGGETT v. BONEWITZ ET AL.

SCHOOL LANDS.—*Grant of Section Sixteen to Townships.*—*Seizin.*—The act of Congress of April 19th, 1816, granting section number sixteen in each township to the inhabitants thereof for the use of the schools, vested an immediate seizin.

SAME.—*Patent.*—*When Not Effective.*—A patent to land previously disposed of by the government is without effect.

SAME.—*Acceptance of Grant.*—*Withdrawal.*—A grant of lands by the government can not be withdrawn after acceptance.

SAME.—*Substitution of Other Lands.*—An attempted substitution by public officers of other lands for those in section sixteen would be without effect, except where the lands in that section had been disposed of by the government previous to the grant for school purposes.

CONTRACT.—*Binding Upon Nation as well as Citizen.*—The Nation is as much bound by a contract as an individual citizen.

PUBLIC OFFICER.—*Certificate.—Recital of Facts Not of Record.*—A public officer may certify as to matters contained in the records of his office, but he can not recite facts not appearing of record.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. B. Kessinger,* for appellant.

*H. S. Cauthorn, J. M. Boyle, T. R. Cobb, O. H. Cobb* and *J. T. Goodman,* for appellees.

ELLIOTT, J.—The appellant asserts title to the land in controversy, upon a patent issued by the United States to his immediate grantor, on the 15th day of May, 1877.

The appellees claim title to the land under the act of Congress enabling the people of the territory of Indiana to form a State government, adopted April 19th, 1816. That act, among other things, provides, "That the section numbered sixteen, in every township, and when such section has been sold, granted or disposed of, other lands, equivalent thereto, and most contiguous to the same, shall be granted to the inhabitants of such township for the use of schools." The land in dispute is in section sixteen, township number two north, of range eight west. In 1851, a petition for the sale of the land in section sixteen was presented to the board of commissioners of Knox county, and a sale of the land ordered. Under this order a sale was made and a deed executed by the auditor of the county.

As it appears that the land is in section numbered sixteen, and that it was accepted as school land prior to the issue of the patent under which the appellant claims, a *prima facie* title was made out by the appellees, and unless this title has been defeated this appeal must fail. The grant made to the

State by the Federal government vested an immediate seizin in the grantee. *Fletcher* v. *Peck*, 6 Cranch, 87; *Cooper* v. *Roberts*, 18 How. 173; *Schulenberg* v. *Harriman*, 21 Wall. 44; *State* v. *Springfield Tp.*, 6 Ind. 83; *Proprietors of Enfield* v. *Permit*, 8 N. H. 512 (31 Am. Dec. 207).

The effect of this grant can only be defeated by evidence that the land in section sixteen did not pass under the act of April 19th, 1816, and it seems to us that this could only be done by evidence that the land in section sixteen had been " sold, granted or disposed of" prior to that time. The act operates upon all land not " sold, granted or disposed of," in any section numbered sixteen, and we can not perceive any ground upon which it can be justly held that land in such a section owned by the United States did not pass to the inhabitants of the township. The public officers had no authority to take or grant other lands than those indicated in the act of Congress, and by virtue of that act the title to every section sixteen not previously disposed of vested immediately in the inhabitants of the township. *State* v. *Portsmouth Savings Bank*, 106 Ind. 435. The act of Congress does not vest authority in any officer to make a selection of lands, but, in express terms, grants every section sixteen, so that it conveys the land at once, for there is no act to be done to determine what lands are granted. The grant is complete and perfect in itself.

If we are correct in affirming that the act of Congress at once vested a title to section sixteen in the inhabitants of the township, then the patent issued in 1877 is without force, for it is settled that a patent is of no effect if it appears that the land described in it has been previously disposed of by the government. *United States* v. *Carpenter*, 111 U. S. 347; *Wilcox* v. *Jackson*, 13 Peters, 516; *Doe* v. *Watts*, 45 Am. Dec. 308.

It is perfectly clear that where a public law grants lands to the inhabitants of a township for school purposes, no officer, however high his station, can defeat the legislative

grant.   It is difficult, therefore, to perceive any other way of defeating the claim to lands in section sixteen than by showing that they were disposed of prior to April 19th, 1816, for it is only the lands in section sixteen previously disposed of that did not immediately vest under the act of Congress of that date.   Even if the officers had undertaken to substitute lands for those in section sixteen, their acts would be without effect, unless it appeared that the lands in that section had "been sold, granted or otherwise disposed of."

The evidence relied on by the appellant to prove that other lands were substituted for those in section sixteen, is a letter written by John Badollet, the register of the land-office at Vincennes, in June, 1821, but there are at least two reasons why this letter is not competent to establish the fact that the lands in that section were disposed of and others substituted for them.   The first of these reasons is, that the provisions of the act of Congress of April 19th, 1816, were accepted by the representatives of the State on the 29th day of June of that year, and after this acceptance the grant could not be withdrawn.   R. S. 1843, 36.   Section sixteen had, therefore, fully vested in the township prior to Mr. Badollet's letter of June, 1821, and the grant bound both the Federal and State governments.   Where the Nation enters into a contract it is as much bound as an individual citizen.   *Lessieur* v. *Price,* 12 How. 59; *Murray* v. *Charleston,* 96 U. S. 432; *Gray* v. *State, ex rel.,* 72 Ind. 567.   It was, therefore, necessary for the appellant to prove that the grantee had assented to the substitution.   The second reason is, that a mere recital of a past occurrence in a letter is not evidence to prove that it actually occurred.   A public officer may doubtless certify as to matters contained in the records of his office, but he can not recite facts not appearing of record.   1 Greenleaf Ev., section 498.   The recital in Mr. Badollet's letter was, consequently, nothing more than the statement of an individual and was unsworn testimony, and to this infirmity must be added the further one that it is mere hearsay evidence.

The instructions of the trial court were correct, but the case is so plainly with the appellees, on the evidence, that we could not reverse even if they had been wrong.

Judgment affirmed.

NIBLACK, J., was not present when this case was considered.

Filed June 22, 1886; petition for a rehearing overruled Sept. 15, 1886.