## BELT RAILROAD AND STOCK YARDS COMPANY *v.*
## HAMMOND.

[No. 9,992.   Filed October 9, 1919.]

1. CARRIERS.—*Carriage of Live Stock.—Failure to Unload Prompt-ly.—Action.—Jury Questions.— Negligence.— Contributory Negli-gence.*—In an action against a carrier of live stock for the loss of hogs alleged to have resulted from defendant's negligent failure to promptly unload them, *held* that, in view of the record, the question of the carrier's negligence, as well as the shipper's contributory negligence in overloading the cars, was for the jury. pp. 152, 153.

2. CARRIERS.—*Carriage of Live Stock.—Negligence.—Failure to Un-load Promptly.*—It is the duty of a carrier accepting live stock for shipment to unload the same at the point of destination with reasonable promptness, in view of surrounding conditions, and failure to do so is negligence.   p. 153.

3. APPEAL.—*Review.—Verdict.—Conclusiveness.—Evidence. — Suffi-ciency.*—In a common-law action, where the parties had a con-stitutional right to a trial by jury, it is not within the power of the court on appeal to overturn a verdict which rests upon some evidence and is not contrary to law.   p. 154.

From Marion Superior Court (94,967); *Vincent G. Clifford*, Judge.

Action by Thomas G. Hammond against the Belt Railroad and Stock Yards Company. From a judg-ment for plaintiff, the defendant appeals. *Affirmed.*

*Clarence E. Weir, Charles P. Ritter* and *Charles W. Richards,* for appellant.

*Edward B. Raub* and *Watson & Esarey,* for appel-lee.

ENLOE, J.—This action was brought by appellee against appellant to recover damages for loss of hogs killed in the car in which shipped, by reason of the alleged negligence of appellant.

The complaint was in two paragraphs, and the

negligence charged in the first paragraph of complaint was in failing to furnish the "proper number of employes and other facilities" for promptly unloading cars, and negligent delay in unloading said cars after same were delivered at switch for unloading. The second paragraph charges: "That by reason of defendant's negligence and failure to use due and reasonable diligence to promptly unload said live stock, ten of said hogs, belonging to and owned by the plaintiff, were piled upon and killed." The answer was in general denial. Trial was by a jury, which returned a verdict for appellee.

The error relied upon is the overruling of appellant's motion for a new trial.

The motion for new trial assigned three reasons therefor, viz.: (1) Verdict is not sustained by sufficient evidence; (2) verdict is contrary to law; and (3) action of the court in refusing to give the jury a peremptory instruction to find for the defendant.

Under this motion for a new trial, if the record discloses any competent evidence to sustain this verdict, upon each and every material fact necessary to sustain the action, then it necessarily follows that said verdict is not contrary to law, and that the court did not err in refusing said instruction so requested by appellant.

As to the material averments of the complaint, appellant makes no question as to their being well supported by the evidence, except as to the 1. allegations of negligence, and loss sustained as a result thereof. As to the time the cars in question were "set" at the yards of appellant, at the chutes to be unloaded, there is a conflict in the testimony. There is also a conflict in the testimony as

to the "time elapsed," after the setting of said cars, before the same were unloaded. There is testimony in the record that the stock was in good condition when delivered by initial carrier to the Indianapolis Union Railway, to be taken to the stockyards. There is also testimony that these cars were delivered at the appellant's yards at 3:10 a. m., December 3, 1913, in good condition, but, by reason of the unloading track being already full of cars, which had been placed there about midnight, and which had not been and were not unloaded until about six o'clock of that morning, the cars containing appellee's stock were necessarily held almost four hours before they could be set to be unloaded. There is also testimony in this record that men are kept, by appellant, on duty at the unloading track, at its yards, day and night, for the purpose of unloading cars of stock when they arrive, and that it takes them about thirty-five minutes to unload a cut—twenty-six cars—loaded with stock.

The record discloses a number of sharp conflicts in the testimony, and it was a question for the jury as to which of the witnesses so testifying they would believe.

It was the duty of appellant to see that these cars in question were set and unloaded with reasonable promptness, reference being had to surrounding conditions, and a failure to do so would be an act of negligence. Whether the appellant was guilty of some one or more of the negligent acts complained of, whereby appellee sustained the loss complained of, was a question, upon this record, for the jury, as was also the question of contributory negligence by appellee,

in the matter of overloading said cars. *Hoggatt* v. *Evansville, etc., R. Co.* (1891), 3 Ind. App. 437, 29 N. E. 941; *Anderson* v. *Citizens St. R. Co.* (1894), 12 Ind. App. 194, 38 N. E. 1109.

This was a common-law action, where the parties had a constitutional right to a trial by jury, and it is not within the power of this court to overturn such a verdict, where it rests upon some evidence and is not contrary to law.

The judgment is therefore affirmed.