SMITH v. KEMERLY ET AL.

[No. 12,307.   Filed January 6, 1926.   Rehearing denied April 6, 1926.]

1. EVIDENCE.—*Hypothetical question to expert witness may assume as proved such facts as evidence tends to prove.*—A hypothetical question propounded to an expert witness may assume as proved all such facts as the evidence tends to prove, and should not be limited to such facts as the court deems proved by a preponderance of the evidence.   p. 400.

2. EVIDENCE.—*Exclusion of specific hypothetical question in will contest held error.*—In action to contest a will, the exclusion of a hypothetical question because it assumed as proved certain facts which the evidence tended to prove was error.   p. 400.

3. WILLS.—*In will contest, peremptory instruction to find for defendants was error where there was evidence tending to establish undue influence or unsoundness of mind.*—In an action to contest a will, where the evidence was such that the jury might have believed that the testator was subject to undue influence, or that he was of unsound mind, it was error to give an instruction directing the jury to find for the defendants. p. 402.

From Madison Circuit Court; *Fred C. Gause,* Special Judge.

Action by Minnie May Smith against Howard Kemerly and others.   From a judgment for defendants, the plaintiff appeals.   *Reversed.*   By the court in banc.

*Alfred Ellison* and *Harry G. Neff,* for appellant.

*Sparks L. Brooks* and *Bagot, Free & Pence,* for appellees.

THOMPSON, J.—This is an appeal from an action by appellant to contest the will of Arthur M. Kemerly, deceased.

Appellant, Minnie May Smith, is a daughter of said Arthur M. Kemerly by a former marriage.   Appellee Howard Kemerly, named executor in decedent's will, is a son of decedent by his second marriage.   Cassie Ann Kemerly is the widow.   Said Arthur M. Kemerly died in March, 1922, and in his will, his widow, Cassie Ann

Kemerly, is named as sole beneficiary of all the personal property and is given a life estate in all the real estate. The fee simple of the real estate is bequeathed to appellee Howard Kemerly to the exclusion of appellant, except that appellant is given the sum of $500, the payment of which is deferred until the death of the widow.

Appellant alleges that said estate is valued at $25,000, and that as an heir of Arthur M. Kemerly she is entitled to an undivided one-third. She alleges that said will is invalid for the reasons, first, that at the time it was executed, said Arthur M. Kemerly was of unsound mind; second, that said pretended will was unduly executed. There was an answer of general denial.

The case was tried before a jury, and after hearing the evidence, the court, upon the motion of appellees and over the objection and exception of appellant, instructed the jury peremptorily to find for the appellees, which the jury did. Appellant then filed a motion for a new trial, for the reasons: First. That the court erred in refusing to allow Dr. Horace E. Jones, while on the witness stand, to answer the following question propounded to him by appellant: "Doctor, I wish, I desire you to assume a state of facts as follows: that a man between fifty and sixty years of age, apparently in ordinary health of body and mind on all ordinary subjects and carrying on his business as a farmer, but he becomes, at the age—before he reaches fifty—becomes imbued with the idea in his mind that his second wife is threatening to kill him and attempting to poison him and is making his life miserable at home and demanding of him at all times when the matter comes up, or demanding of him, that he make a disposition of his property, his farm, either by deed or will, so that she and her son—his second wife—will get all the property to the exclusion of a daughter by a former marriage,

and suppose that there is no truth in that, that she had never talked to him on the subject or attempted to influence him in any way to procure either a will or a deed to any of his property, and suppose that runs over a period of ten or twelve years in his life, during which time he makes and executes a will, I'll ask you to state to the jury, in your opinion, whether at the time he makes the will he is a man of sound or unsound mind?" Second. That the court erred in refusing to allow Dr. Wier M. Miley to answer a question similar to the above. Third. That the court erred in giving to the jury a peremptory instruction directing a verdict for appellees.

To the above quoted question, the appellees objected, and appellant offered to prove by the witness that, under the hypothesis stated, the person mentioned was at all those times laboring under monomania, a species of unsoundness of mind as defined by the statute. To this offer to prove, the court sustained the objection, and appellant excepted.

The motion for a new trial was overruled, and the court rendered judgment for appellees.

The error relied on for reversal is that the court erred in overruling appellant's motion for a new trial, which brings into consideration the court's ruling on the questions propounded to Dr. Horace E. Jones and Dr. Wier M. Miley, and the court's peremptory instruction to the jury.

Considering, first, the questions propounded to Dr. Jones and Dr. Miley, the law is well settled in this state that a party seeking an opinion of an expert witness may assume in his hypothetical question such facts as the evidence proves or tends to prove. In the case of *Louisville, etc., R. Co.* v. *Falvey* (1885), 104 Ind. 409, the following quotation is taken from the Supreme Court of Wisconsin: "The rule in that respect must be that, in propounding a hypothetical

question to the expert, the party may assume as proved all facts which the evidence in the case tends to prove, and the court ought not to reject the question on the ground that, in his opinion, such facts are not established by the preponderance of the evidence. What facts are proved in the case, when there is evidence to prove them, is a question for the jury and not for the court. The party has the right to the opinion of the expert witness on the facts which he claims to be the facts of the case, if there be any evidence in the case tending to establish such claimed facts, and the trial judge ought not reject the question because he may think such facts are not sufficiently established." This court has approved the rule so announced. *Davis* v. *State* (1871), 35 Ind. 496, 9 Am. Rep. 760; *Bishop* v. *Spining* (1871), 38 Ind. 143; *Guetig* v. *State* (1879), 66 Ind. 94, 32 Am. Rep. 99; *Nave* v. *Tucker* (1879), 70 Ind. 15; *Elliott* v. *Russell* (1884), 92 Ind. 526; *Goodwin* v. *State* (1883), 96 Ind. 550.

Regarding the court's peremptory instruction to the jury, our state Constitution provides: "In all civil cases, the right of trial by jury shall remain inviolate." In the case of *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613, the court, in speaking of the right of trial by jury wherein the court gave a peremptory instruction, said: "Courts have guarded this right, with scrupulous care, against any encroachment. In all cases triable by jury the jurors are the sole and exclusive judges of the facts proved, and, of necessity, therefore, of the credibility of witnesses, and of the weight to be given to their testimony. Where upon a material point there is a failure of proof in the evidence of the party having the burden of an issue, the court may, as a matter of law, instruct the jury in favor of the other party as to such issue. Where

the facts are admitted by the pleadings or otherwise, or where the evidence upon the controlling question is documentary, and its interpretation and construction a matter for the court, and but one conclusion reasonably deducible therefrom, then in such cases the court may, as a matter of law, direct a verdict in accordance with the evident facts, and in favor of the party having the affirmative of the issue.   But where a determination of the issue involves the credibility of witnesses, and rests upon inferences and deductions to be drawn from the facts proved, it will be an invasion of the province of the jury for the court to direct a verdict."

In *Matthews* v. *Myers* (1917), 64 Ind. App. 372, 115 N. E. 959, in speaking of the court giving a peremptory instruction, the court said:   "That such an instruction should be given by the trial court only when there is a total absence of evidence upon some essential issue, or where there is no conflict and the evidence is susceptible of but one inference and that inference is favorable to the party asking the instruction, is well settled.   And in considering such question the court must accept as true all facts which the evidence tends to prove and draw. against the party requesting such instruction all inferences which the jury might reasonably draw, and, in case of a conflict, consider that evidence only which is favorable to the party against whom the instruction is requested."   See, also, *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Davis, Exr.,* v. *Babb* (1919), 190 Ind. 173, 125 N. E. 403; *Baker* v. *Bundy* (1913), 55 Ind. App. 272, 103 N. E. 668.

The evidence in this case was almost exclusively oral, more than twenty witnesses having testified.   There was some evidence from which the jury might 3.   have believed there was undue influence affecting the execution of the will, or from which the jury might have found that Arthur M. Kemerly was of un-

sound mind at the time the will was executed. The court erred in sustaining the objections to the questions propounded to Dr. Jones and Dr. Miley, and the court erred in its peremptory instruction to the jury.

The judgment is reversed.