MOTZ v. AKRON (City) et

Ohio Appeals, 9th Dist., Summit Co.

No. 1140.   Decided June 7, 1926

966.   PROXIMATE CAUSE—Where a horse falls into a ditch, dug by the city for the purpose of constructing a sewer, and in the rescuing of said horse which is extricated by means of a derrick, a rescuer is hit on the jaw by a piece of pipe constituting a part of the derrick by reason of the kicking and lunging of said horse while suspended in midair, failure of the city to light and guard the ditch and failure to employ a safe and sound derrick in the rescue work is the proximate cause of plaintiff's injury.

WASHBURN, J.

Aaron Motz brought an action in the Summit Common Pleas against the city of Akron and the firm of Hollinger & Davidson, contractors, for the purpose of recovering damages by reason of injuries sustained by him.

The city decided to construct a sewer in one of its streets and by arrangement with Hollinger & Davidson, a trench was dug and later refilled with loose dirt which was then flushed with water and left in a muddy condition without lights or guards.   One McGown was driving his horse along said street and said horse fell into the ditch and was unable to extricate itself.   Certain firemen of the city and others volunteered to assist in getting the horse out of the ditch and during the procedure Motz was holding the head of the horse as it was being lifted by means of a derrick; and as it was brought to the level of the ground, the horse lunged and kicked, upsetting the derrick and causing a pipe, which constituted part of the derrick, to strike Motz in the jaw and severely injure him.

It was claimed that the city was negligent in failing to guard said ditch or to warn pedestrians and drivers of vehicles of its dangerous condition; and by using the derrick which was unsafe, causing Motz's injuries by the kicking of the horse.   The city demurred to Motz's petition on the ground that it did not state facts sufficient to constitute a cause of action.   The court determined that the claimed negligent acts of the city et al were not the proximate cause of the injuries complained of.   Error was prosecuted and the Court of Appeals held:

1.   What is the proximate cause of an in-

jury is ordinarily a question for the jury to determine in the light of accompanying circumstances, the court instructing the jury as to what the law requires to constitute it and the jury applying the law to the facts.

2. As to negligence, when the facts are so clearly settled so that only one inference can be drawn, it is not only the duty of the court to set aside a verdict contrary to the evidence; but to take the case away from the jury and direct a verdict or non-suit.

3. As to proximate cause, where there is no intermediate effecient cause, the original wrong must be considered as reaching to the effect; and where such a cause is depended upon it is ordinarily a question for the jury whether there was such an intervening effecient cause as would prevent the negligent act or omission of the defendant from being the proximate cause to the injury.

4. The court was not justified in saying, as a matter of law, that there was an effecient intervening cause which prevented the city's act from being the proximate cause of the injury.

5. A jury might find in the usual experience of mankind that it ought to be apprehended that if a horse got into a ditch, some one would try to get him out; and that in so doing the horse might lunge and kick and injure some of those engaged in the rescue.

6. The act of a third person intervening and contributing a condition necessary to the injurious effect of the original negligence will not excuse the first wrong doer if such act ought to have been forseen; and whether or not it ought to have been forseen is a question for the jury.

7. It does not so clearly appear in this case that the result claimed should not have been anticipated as to warrant the court in finding that there was no causal connection between the negligent acts of the defendants and the injury to Motz.

Judgment reversed and cause remanded.

Attorneys—Sheck & Stevens for Motz; H. M. Hagelbarger, Dir. of Law, W. A. Kelly, Asst. Dir. of Law, and Rockwell & Grant for City et al; all of Akron.