**ACKER v McGINLEY et**
**BEIDLEMAN v McGINLEY et**
(2 cases)

Ohio Appeals, 9th Dist, Wayne Co

Nos 918 & 919. Decided Jan 29, 1934

Weiser & Weimer, Wooster, for plaintiff in error and defendant in error Austin A. Acker.

Pomerene & Boulger, Columbus, and Troutman & Taggart, Wooster, for plaintiff in error and defendant in error H. A. Beidleman.

F. A. Rees, Akron, C. H. McGinley, Akron, and Critchfield, McSweeney & Critchfield, Wooster, for defendant in error Estella McGinley.

**OPINION**

By WASHBURN, PJ.

It is claimed that both Acker and Beidleman were negligent in the creation of the condition which confronted the driver of the McGinley car, and that Mrs. McGinley was in no way guilty of contributory negligence, and we find that the evidence in the record supports such claims and warranted the jury in finding on such issues in favor of the plaintiff, Mrs. McGinley. . .

It is strenuously urged, however, that such negligence of Acker and Beidleman was not the proximate or even a proximate cause of plaintiff's injuries; that when the driver of the McGinley car approached said place, the situation was that the paved portion of the road was open and clear for him to travel on, and that his turning to his left across the path of the tractor when there was no occasion therefor, was the sole cause of plaintiff's injuries; and it is also claimed that the evidence in support of such contention is such as to warrant this court in declaring that the proximate cause of plaintiff's injuries was not the negligence of either Acker or Beidleman.

To adopt that view, we would have to find that the McGinley car was not closely approaching the scene while the Acker and Beidleman cars were still in motion, and that when the driver of the McGinley car had to decide what to do, the paved portion of the road was practically clear of any obstruction and that there did not appear to be any danger of its being further obstructed by the movements of the Acker or Beidleman cars.

We think that the evidence precludes us from finding, as a matter of law, that the driver of the McGinley car was negligent and that such negligence was the sole proximate cause of his mother's injuries.

**Motz v City of Akron, 22 Oh Ap 98 (4 Abs 642).**

The rule urged by counsel for Acker and Beidleman, that one cannot be held liable for "an injury that is not the natural consequence of the negligence complained of, and would not have resulted from it but for the interposition of some new, independent cause that could not have been anticipated," when applied to the evidence as shown by the record in this case, does not justify the conclusion that the negligence of Acker and Beidleman was a remote and not a proximate cause of said injuries as a matter of law. On the contrary, it seems to us that a jury might well find that one of the most natural consequences to be expected from the negligent conduct of Acker and Beidleman in bringing about a collision of their automobiles on a hillside when the pavement was slippery and a large tractor with trailer was just behind them, would be that a car was quite likely to come over the hill while the collision was taking place, or so soon thereafter that the driver thereof would be confronted with a situation in which he might not choose the safest course to pursue, and that such an accident as occurred, or one similar thereto, not only could, but should, have been anticipated.

"Another statement of the rule is that where a number of causes and results intervene between the first wrongful cause

and the final injurious consequence, which are such as 'might, with reasonable diligence, have been foreseen,--the last, as well as every intermediate result, is to be considered as the proximate result of the first wrongful cause."

1 Thompson on Negligence (2nd ed.) §51, page 54.

There may be two causes, each contributing to an injury and each a proximate cause thereof (**Piqua v Morris,** 98 Oh St 42), and as we view it, this is not a case where the negligence of one "does nothing more than furnish the condition by which the injury is made possible."

It should be kept in mind that, if the driver of the McGinley car was negligent and such negligence together with the concurrent negligence of Acker and Beidleman directly and proximately caused Mrs. McGinley's injuries, such negligence of the driver of the McGinley car was not the sole proximate cause of Mrs. McGinley's injuries; and she not being chargeable with his negligence, her right against Acker and Beidleman is not affected thereby.

In this case the trial court, at the request of Acker and Beidleman, charged the jury before argument as follows:

"The plaintiff claims that by reason of the negligence of the defendants, Acker and Beidleman, there was a collision between a Chrysler automobile driven by Beidleman and a Buick automobile driven by Acker; that in consequence of such collision the highway was obstructed; that thereby it became impossible for the automobile in which plaintiff was riding as a passenger to pass said place so obstructed in safety; that this necessitated the automobile in which she was riding to change its course to avoid a collision with said Buick and Chrysler automobiles, and as a result of this change of course her car collided with a certain tractor and trailer which was being operated on the opposite side of the highway.

"The court instructs you that not every negligent act is actionable. It becomes actionable only when the injury or the loss is the proximate result thereof. Proximate cause is a natural, continuous—a continuous succession—of events without an intermediate cause, so linked that they become a whole, unbroken by any new cause, or undisturbed by an independent cause. * * *

"Negligence is actionable only when injury or loss is the proximate result thereof; and to be such it must be a natural and

probable consequence, which ought to have been foreseen or reasonably anticipated in the light of attendant circumstances.

"These defendants had the right to presume that the driver of the McGinley automobile would operate that car in a manner and at a speed in conformity with the laws of the state of Ohio.

"These laws provide that no person shall drive a car upon the public highway at a speed greater than is reasonable and proper having due regard to the traffic, surface and width of the highway, and of any other conditions then existing, nor at a greater speed than would permit him to bring it to a stop within the assured clear distance ahead."

No claim is made than in the general charge of the court the foregoing propositions of law were in any way modified to the prejudice of Acker or Beidleman, and we hold that, so far as any complaint by either of them is concerned, the question of proximate cause was properly submitted to the jury and that the finding of the jury in reference thereto is not manifestly against the weight of the evidence.

It is also urged that it was error for the trial court to refuse to charge the jury before argument as requested by Acker and Beidleman in request No. 5. That request began as follows: "If the driver of the McGinley car in approaching the place where the Acker and Beidleman cars had collided and were at a standstill," etc.

We hold that the court was justified in refusing to give said request because it was therein stated as a fact that at the time of said approach said cars had come to a rest, which was a disputed question of fact, as to which there was a conflict in the evidence.

In view of the fact that the court charged the jury before argument, at the request of Acker and Beidleman, as hereinbefore set forth, it was not error for the court to refuse to give their requests Nos. 6 and 7.

Requests Nos. 8 and 9 by Acker and Beidleman, are too indefinite as to the time when the McGinley car approached the place of the accident to warrant the conclusion of law set forth in said requests, and it was not error to refuse to give them.

Mrs. McGinley's request No. 1, which was given by the court, the giving of which is assigned as error, has to do only with the question of whether the turning to the left of the McGinley car to avoid collision with the Acker and Beidleman cars constituted negligence under the circumstances set forth in the request.

The driver of that car was not a party to the action, and his negligence was of no importance or effect in the case unless it was the sole proximate cause of Mrs. McGinley's injuries. As applied to the evidence in the case, the circumstances set forth in the request under which such driver was called upon to decide whether to turn the car to the left were substantially that Acker and Beidleman, by their negligence. so obstructed the highway as not only to make it appear to such driver and to any reasonable and prudent man that it was necessary to turn the car to the left to avoid collision with such obstruction but "that such course was the only way to avoid such collision." If so turning the car actually was the only way in which an imminent collision with the obstruction could be avoided, then the mere turning of the car to the left, which was made necessary by the acts of Acker and Beidleman, would not be a negligent act which would inure to their benefit, and the giving of the charge was not error under the circumstances shown by the record in this case.

It must be remembered that we are considering the language of the charge in the light of the circumstances to which the jury was called upon to apply the charge, and it is apparent from all of the evidence that if there was any appreciable lapse of time between the first collision of the Acker and Beidleman cars and said turning of the McGinley car to the left, it was very slight indeed; in fact, it seems to us that the evidence would not warrant a finding that at the time the driver of. the McGinley car was called upon to determine whether to turn his car to the left, the improved portion of the highway was practically unobstructed, and in any event said charge is not bottomed upon that proposition but upon the proposition that the improved portion of the highway was so obstructed that a turning to the left "was the only way to avoid" a collision with the Acker and Beidleman cars. If that was so, the mere turning to the left could not have been the! sole proximate cause of the collision in which Mrs. McGinley was injured.

We are also of the opinion that, under the circumstances shown by the record, it was not error for the court to refuse to permit Acker and Beidleman to introduce a certain map in evidence, and that there was no prejudicial error in the remarks made by the court in passing upon said question.

Having considered all of the claims of error made by plaintiffs in error, and find-

ing no prejudicial error in the record, the judgment of the Common Pleas Court is affirmed.

FUNK and STEVENS, JJ, concur in judgment.