## TABOR v. CONTINENTAL BAKING COMPANY.

[No. 16,510. Filed December 23, 1941. Rehearing denied February 13, 1942. Transfer denied March 23, 1942.]

634

636

*Neal & Williams*, of Indianapolis, *Boruff & Boruff*, of Bedford, and *Kivett & Kivett*, of Martinsville, for appellant.

*George C. Forrey III*, and *White, Wright & Boleman*, all of Indianapolis, and *Homer Elliott*, of Martinsville, for appellee.

BEDWELL, P. J.—In this action the appellant, who was plaintiff below, sought to recover damages for personal injuries resulting from the alleged negligence of the appellee. At the close of the introduction of appellant's evidence, the appellee moved the court for

a directed verdict. The motion was sustained by the trial court, and the legal justification for its action is the only question presented for determination.

The evidence introduced by appellant disclosed the following facts: The appellee is a corporation engaged in the baking business; and in the sale and distribution of its products, it operates a number of trucks. On or prior to December 23, 1935, the City of Bedford, Indiana, had limited vehicular traffic upon that portion of one of its public streets known as "H" street, which extended from Nineteenth street to Twenty-second street. This had been done by placing wooden barricades or wooden horses across the street intersections with signs thereon bearing the words "Caution Children Sliding." The purpose of the action was to provide a protected area along such street for children to use in coasting. The street at the particular time was covered with snow and ice and a portion of the protected area was a hill or slope that was suitable for the use of sleds. This action had been taken by some of the city authorities, but there is no evidence that any ordinance or resolution had been passed by the city council.

On December 23, 1935, about 4:30 o'clock p. m., a salesman of appellee, who was operating one of its motor trucks for the purpose of distributing its bakery products, drove into "H" street and thence along the same until he reached the wooden barricades at the intersection with Nineteenth street. He observed the sign upon the same and saw a number of children with sleds in the protected portion of "H" street that was south thereof. He drove south around the barricade and into this protected portion and then parked his truck at the curb in front of a store that was located on the east side of "H" street and within this protected

portion. The salesman then went into the store and ascertained that the owner did not desire to buy any of the products of the appellee, but he spent some time therein in examining and straightening up the stock of the storekeeper; and then returned to his parked bakery truck, and was standing at the rear thereof rearranging bakery products therein, when the appellant, who was then nine years of age, came down the slope of the street on her sled and ran against some portion of the truck, probably the rear axle, inflicting severe injuries upon her head. The appellant charged the appellee with negligence in driving its bakery truck into the protected area of "H" street with knowledge of the use being made thereof at the time, and with negligence in leaving the truck parked in such portion of such street.

The only grounds upon which the trial court might have directed a verdict for the appellee are as follows: (1) That the appellant was guilty of contributory negligence; (2) that the negligence charged was not the proximate cause of appellant's injury; (3) that the evidence introduced by appellant was not sufficient to establish either of the charges of negligence.

The legal situation which justifies a trial court in directing a verdict for a defendant at the close of the introduction of the plaintiff's evidence is well established by our decisions. First, the trial court cannot weigh the evidence, for to do so would invade the province of the jury, and it must determine that there is an entire absence of any evidence to support some one or more of the facts essentially necessary to uphold a verdict in favor of the plaintiff. Second, in passing upon the motion it must consider only the evidence most favorable to the plaintiff and it must exclude all conflicting evidence that is

favorable to the defendant; and, in its consideration of the evidence that is favorable to the plaintiff it must consider as proved all facts that are supported by such evidence, as well as all facts that can be reasonably inferred therefrom. *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 686, 128 N. E. 842; *Kettner* v. *Jay* (1940), 107 Ind. App. 643, 26 N. E. (2d), 546; *Farmers & M. Bank* v. *Peoples T. & S. Bank* (1936), 101 Ind. App. 474, 199 N. E. 892; *Curryer* v. *Oliver* (1901), 27 Ind. App. 424, 426, 60 N. E. 364, 61 N. E. 593.

Under the uniform decisions of the courts of this State, negligence consists in the failure to use due care, or ordinary care, which is measured by the care a person of reasonable prudence would ordinarily exercise under like conditions and circumstances. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, pt. 7 on p. 212, 115 N. E. 577. But how are we to determine what is "due care," "ordinary care," or "reasonable prudence"? Professor Fowler V. Harper, in his Treatise on the Law of Torts, in discussing this subject, says:

". . . The reasonableness of the danger and the care and caution necessary to avoid it are to be determined, not by reference to any individual or group of individuals, but by reference to the assumed 'average' person—the 'ordinary reasonably prudent man.' This, of course, is a pure fiction. Any judgment of what is 'reasonable' must be some person's judgment. What is sought is a judgment which, as far as possible, represents the general level of moral judgment of the community. Not the judgment of the most cautious nor the most reckless, but a judgment which, to use another fiction, will fairly represent the social or community notion of what is right, sensible and proper. The judgment on such questions is usually to be made by the jury, unless the case is perfectly obvious, and this insures a fairly representative stand-

ard of desirable conduct to which all men must, at their peril, conform." Harper, Law of Torts, § 69, p. 158.

It should also be remembered that the absence of negligence or the existence of contributory negligence, is a matter of law to be determined by the court in those cases, only, where the facts are undisputed, and but one inference can be drawn therefrom by reasonable men or sensible impartial men. The phrases "reasonable men" and "sensible impartial men" are equivalent as used herein.

Facts may be undisputed, but if conflicting inferences can be drawn therefrom by reasonable men or sensible impartial men, it is within the province of the jury to determine the particular inference that is to be accepted. *Olsen* v. *Edgerly* (1939), 106 Ind. App. 223, 18 N. E. (2d) 937; *New York Central R. R. Co.* v. *Casey* (1938), 214 Ind. 464, 14 N. E. (2d) 714; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. (2d) 284. The Supreme Court of this State, in the recent case of *Danner* v. *Marquiss* (1941), 218 Ind. 441, 448, 33 N. E. (2d) 511, well states the principle of law in the following language:

> "It was stated definitely in the case of *W. C. DePauw Co.* v. *Stubblefield* (1892), 132 Ind. 182, 31 N. E. 796, that when a state of facts and circumstances exists from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed, while another man equally sensible and equally impartial would infer that proper care had been used, and that there was no negligence, the question of negligence must be referred to the jury under proper instructions from the court."

While due care, or ordinary care, is measured by the care that a person of reasonable prudence would ordi-

narily exercise under like conditions and circumstances, this is not true where the actor is a child or an insane person. The care that must be exercised by a child is measured by the care that children of like age, knowledge, judgment and experience would ordinarily exercise under like conditions and circumstances. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 574, 96 N. E. 973, 98 N. E. 1091; Restatement of the Law, Torts, Negligence, § 283, p. 741, Comment: e. Children.

Under the provisions of § 2-1025, Burns' 1933, in all actions for damages brought on account of the alleged negligence of any person, copartnership, or corporation for causing personal injuries, or the death of any person, it is not necessary for the plaintiff to allege or prove the want of contributory negligence on the part of the plaintiff, or on the part of the person for whose injury or death the action may be brought. Contributory negligence on the part of the plaintiff, or such other person, is a matter of defense, but may be proved under the answer of general denial. There was no evidence introduced by plaintiff from which the sole inference that the appellant was guilty of negligence which proximately contributed to her injuries, could be drawn. The appellant, who was only nine years of age at the time she was injured, when testifying, denied all knowledge of what happened just before or at the time of her injury. She received a severe injury to the head and it. is not unusual that persons who receive brain injuries, or are rendered unconscious, have no remembrance of what occurred just before or at the time of injury. The evidence introduced by the appellant does not go into the circumstances connected with the collision of appellant with the truck of appellee. It merely shows the fact

of collision while appellant was coasting down the hill on her sled and the resultant injuries, without showing any reason therefor other than the presence of the truck of appellee in the street. While the burden of establishing the plaintiff's contributory negligence is upon the defendant in a case of this sort, it would be proper for the court to direct a verdict for the defendant because of the contributory negligence of the plaintiff, if the evidence produced by the plaintiff had been such as to show contributory negligence of the plaintiff which proximately caused her injury, as a matter of law. Such a condition of the evidence did not exist, and the trial court was not authorized to direct a verdict because of the contributory negligence of the appellant.

What is the proximate cause of an injury is ordinarily a question of fact for the jury. There can be no legal or proximate cause unless there is causal connection in fact.

"There is no mystery in the doctrine of proximate cause. It rests upon common sense rather than legal formula. Expressed in the simplest terms, it means that negligence is not actionable unless it, without the intervention of any independent factor, causes the harm complained of. It involves of course the idea of continuity, that the negligent act continuously extends through every event, fact, act, and occurrence related to the tortious conduct of the defendant, and is itself the logical and natural cause of the injury complained of. In the statement of the doctrine an intervening cause means not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm." *Holler* v. *Lowery* (1938), 175 Md. 149, 161, 200 A. 353, 358; Shearman and Redfield on Negligence (1941 Ed.), Vol. 1, § 33, pp. 91, 92.

It is the province of the jury to look at the succession of the events or facts, and ascertain whether they are naturally and probably connected with each other by a continuous sequence, or are dissevered by new and independent agencies; and this must be determined in view of the circumstances existing at the time. *Milwaukee, etc., Railway Co.* v. *Kellogg* (1876), 94 U. S. 469, 24 L. Ed. 256.

But when the evidence relating to proximate cause is undisputed and not permissive of conflicting inferences, the question of causation is for the court and not for the jury. *Engle, Admr.* v. *Director General of Railroads* (1922), 78 Ind. App. 547, 550, 133 N. E. 138; *Chicago, etc., R. Co.* v. *Mitchell* (1914), 56 Ind. App. 354, 360, 105 N. E. 396; Shearman and Redfield on Negligence (1941 Ed.), Vol. 1, § 43, p. 114.

The courts of this State have applied, as a test for proximate or legal cause, the test of foreseeability. If the wrongful act of the defendant is a substantial factor in producing the injury complained of, and if the particular injury suffered by the plaintiff is one of a class that was reasonably foreseeable at the time of the defendant's misconduct, then there is a causal relation in fact as well as a legal cause. *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, 406, 413, 8 N. E. (2d) 993.

In the Restatement of the Law, the rule concerning foreseeability of harm as applied to a negligent actor is stated as follows:

> "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable."

And, further, in comment:

> "b.   On the other hand, if the actor should have realized that his conduct might cause harm to another in substantially the manner in which it is brought about, the harm is universally regarded as the legal consequence of the actor's negligence." Restatement of the Law, Torts, Negligence, § 435, pp. 1173, 1176.

Under the facts as shown by plaintiff's evidence, the alleged negligence of appellee in parking its bakery truck at the place, time and under the conditions and circumstances set forth, was a substantial factor in bringing about harm to the appellant. If the evidence had shown, without dispute, that the same was not a substantial factor in bringing about harm to the appellant, and if there was no room for a difference of opinion by reasonable men, or sensible impartial men, then the trial court might have properly directed a verdict for the appellee. Under the facts here involved, it was for the jury to determine whether the injury to the appellant was one of a class that was reasonably foreseeable at the time of appellee's alleged misconduct and whether the act of appellee in parking its truck, as alleged and proved, was a substantial factor in producing such injury. *Swanson* v. *Slagal, Administratrix* (1937), 212 Ind. 394, pts. 10 and 11 on pp. 413, 414, 8 N. E. (2d) 993; Restatement of the Law, Torts, Negligence, § 434, p. 1171; *Milwaukee, etc., Railway Co.* v. *Kellogg* (1876), 94 U. S. 469, 24 L. Ed. 256; *Motz* v. *City of Akron* (1926), 22 Ohio App. 98, 103, 153 N. E. 868, pt. 8 on p. 869; *Braun* v. *Buffalo General Electric Co.* (1911), 200 N. Y. 484, 94 N. E. 206; *O'Neill* v. *City of Port Jervis* (1930), 253 N. Y. 423, 433, 171 N. E. 694, pt. 12 on p. 697.

This leaves for determination the question of whether, considering the evidence most favorable to appellant

and rejecting the evidence, if any, that conflicted therewith and was favorable to the appellee, it was sufficient for reasonable men to draw the inference that the appellee failed to exercise due care or ordinary care in parking its truck upon "H" street, without lights near dusk, when such street was being used by children, with the consent of the city authorities, for coasting upon their sleds. There was no evidence of any city ordinance or resolution by the governing authorities of the City of Bedford that made it illegal for appellee to enter the protected portion of such street or to park its bakery truck thereon. The duty of appellee to use care arose, as a matter of law, out of the relation existing between it and the plaintiff. It knew before its driver entered the protected area that this portion of the street was being used by children for coasting. The fact that barricades had been erected with signs thereon was an indication to it that this had been done under the supervision or with the consent of the city authorities having charge and control of the public streets. Its driver also knew and observed that children were coasting upon the icy street and that some of them, particularly the appellant, were quite young. It is a reasonable inference that the driver knew that sleds operated by small children upon an icy or snow covered slope were apt to get out of the control of the children.

Without question, the facts alleged and proved showed such a relation existing between the appellee and the appellant as to impose upon the appellee a legal duty to use care toward the appellant. If the evidence was sufficient for a reasonable mind to infer that the appellee violated this duty by failing to exercise ordinary care in a particular that has been alleged, then it was improper for the court to direct a

verdict for the appellee. The terms "due care," "ordinary care," and "reasonable prudence" are not terms that can be arbitrarily defined. They are matters that the members of the jury may properly determine by referring to their own experience and observation. So whether the danger of doing a particular act is apparent to the ordinarily prudent man is particularly a matter that can well be left to the determination of a fair and impartial jury which can bring to bear upon the question its varied experience and knowledge of the affairs of men. Under the provisions of our Bill of Rights (Article 1, Section 20, Constitution of Indiana), it must be so left, if conflicting inferences might be drawn by sensible impartial men. *Belt R. & Stock Yards Co.* v. *Hammond* (1919), 71 Ind. App. 151, 124 N. E. 398; *Smith* v. *Kemerly* (1926), 84 Ind. App. 398, 150 N. E. 65; *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613; *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 104 N. E. 579.

We hold that the minds of sensible impartial men could well differ and that the trial court should have left to the jury the determination of whether the appellee exercised ordinary care in parking its truck as alleged. We are not holding or intimating that such act, under all the conditions and circumstances, was negligent. We are not passing upon that question. The trial court had no right to pass upon it when a motion for a directed verdict was made. Its authority was then limited to a determination of whether an inference would be drawn by some sensible, impartial men, from the evidence most favorable to the plaintiff, that the appellee had not exercised ordinary care in parking its truck as alleged.

The judgment is reversed, and cause is remanded to the trial court with direction to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 38 N. E. (2d) 257.