## SIMONTON *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY

[No. 18,715. Filed January 19, 1956. Rehearing denied February 23, 1956. Transfer denied April 10, 1956.]

*Edward L. McCabe,* of Williamsport, for appellant.

*Walter B. Gillespie, Billings & Gillespie,* of Williamsport, and *William B. Weisell, Slaymaker, Locke & Reynolds,* of Indianapolis, for appellee.

KENDALL, J.—Clyde Corder, a farm employee of Leo Simmerman of Warren County, while driving a tractor in the course of his employment on August 9, 1952,

on a public highway was in a collision with a motor vehicle operated by appellant resulting in Corder's death.

The employer carried Workmen's Compensation insurance with appellee company on employee Corder, who left surviving, his widow as the only dependent. Under the Workmen's Compensation Act, appellee became liable to pay the widow Nine Thousand, Four Hundred and Fifty ($9,450.00) Dollars.

This action was commenced under the provisions of Section 13 of the 1929 Act, being Section 40-1213, Burns' Ind. Stat., Ann., 1952 Repl. to recover damages for the death of Corder which appellee had been forced to pay under an agreement signed by the widow and the employer which was approved by the Industrial Board pursuant to Section 57 of the Act, being Section 40-1058, Burns' Ind. Stat., Ann., 1952 Repl.

The complaint alleged that Corder was driving a farm tractor on a north and south highway in a northerly direction, which highway intersected with a "T" intersection, which road ran in an easterly and westerly direction and upon which highway appellant was operating an automobile pulling a two-wheel trailer proceeding in an easterly direction.

Appellee charged appellant with various acts of negligence, viz: in failing to stop at the intersection before turning south; failing to sound a horn, or other signal device, before turning south at the intersection; failing to keep his automobile under control so as to avoid the collision; failure to drive his car on the right half of the highway as the tractor approached the intersection; excess speed; entering the intersection and turning south before observing whether the road was clear and safe for him and while his vision was obstructed as to vehicles coming from the south.

Answer was filed admitting that appellant was driving the car but denied other allegations and alleged contributory negligence on the part of the tractor driver, Clyde Corder.

Reply was filed denying contributory negligence.

Trial was had by the court resulting in a judgment favoring appellee in the sum of Nine Thousand, Ninety-Nine ($9,099.00) Dollars and costs.

Appellant's motion for new trial contends that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The assignment of error is the overruling of the motion for new trial.

Under the first specification of the motion for new trial (not sustained by sufficient evidence), appellant's contention is that appellee failed to prove that the Industrial Board approved the agreement for compensation between the employer and the dependent. He sets forth in his brief Section 2-1636, Burns' Ind. Stat. Ann., 1946 Repl. The record contains an exhibit which is the copy of the agreement, being Form #13, which does contain the certification of the Board's Secretary with the seal of that office that the instrument is such a record. This exhibit was introduced into evidence without objection and contained the following certification by the Acting Secretary:

"I, Joseph O. Pearson, Acting Secretary of the Industrial Board of Indiana, do hereby certify that the attached Form 13 agreement is a full, true, complete and exact copy of a Form 13 agreement which was filed with and approved by the Industrial Board of Indiana on December 3, 1952."

The agreement to which certification was made also includes the following:

"Approved by the Industrial Board of Indiana this 3rd day of December, 1952. By Maurice T. Harrell

(Sig.) Chairman"

The appellant makes no contention that the award was not made by the Board. An agreement between an injured employee, or, in case of death, by dependents and his employer, as to compensation under the Act, when filed with and approved by the Board, has full force and effect of an award of the Board and is binding on the parties so long as it stands unrevoked. *Carrico* v. *Templeton Coal Co.* (1927), 87 Ind. App. 145, 159 N. E. 695; *Smith* v. *Brown* (1924), 81 Ind. App. 667, 144 N. E. 849. As we understand appellant's contention, it is that the existence of a document in an Industrial Board case cannot be proved by the officer certifying the same. Appellant cites the cases of *Wright and Others* v. *Bundy* (1858), 11 Ind. 398; *Daggett* v. *Bonewitz et al.* (1886), 107 Ind. 276, 7 N. E. 900; *State* v. *Schaller* (1942), 111 Ind. App. 128, 40 N. E. 2d 976. In general, in the cited cases of appellant, the certifying officer attempted to certify, not the record but the facts which the officer said were shown from the record. In the case of *Daggett* v. *Bonewitz et al.,* *supra,* the proof offered was not of the record but was a letter from the land-office registrar containing a recitation of facts which did not appear in the record. Such a set of facts and circumstances is altogether different from the question presented by the appellant in this case. Likewise, the case of *Wright and Others* v. *Bundy,* *supra,* in which the certification by the officer was not as to the records but as to negative facts stating that certain things were not contained in the record. Appellant further argues that the statement in the certification by the Secretary that the exhibit was filed with

and approved by the Board is not proof in itself of the award. The language in the certificate is not the proof of the award. The proof of the award is the award itself, which, in this case, the record shows was approved Form 13, together with the authentication. Accordingly, therefore, there is no merit to appellant's first specification of motion for new trial.

Appellant admits that at the time of the accident a portion of his car was from eighteen (18″) inches to two (2′) feet over the center of the highway where the accident occurred; however, he attempts to justify the occurrence of the accident by contributory negligence of the decedent who was the operator of the tractor.

Evidence revealed that appellant was travelling between thirty to thirty-five miles-per-hour a short distance before entering the intersection to turn south; that, as he entered the intersection to turn south, he was travelling approximately fifteen miles-per-hour, which intersection was grown up in weeds and tall grass, which growth, appellant testified, obstructed the view from the south. Appellant further testified that after turning the corner to go south, from which direction the tractor was coming, he could not stop his car to avoid colliding; that, upon seeing the tractor, he slid his wheels more or less straight ahead toward the center of the road; that he then felt a downward jolt and the tractor rolled over, one wheel coming up on the fender and hood of his car, which was the left front portion thereof; that as he applied the brakes, the front end of his car slid to the left in a diagonal position for approximately eighteen (18′) feet, and in so doing, went over the center of the travelled portion of the road. Evidence revealed no skid marks to the right.

A state police officer testified that appellant's car was headed south and that the left front wheel was over the center portion of the paved highway from a foot to eighteen (18″) inches, and that appellant told him that as he (appellant) was turning south, and, when he got around the corner, he saw the tractor coming, applied his brakes and skidded on the loose material into the path of the tractor. The width of the black-top road was about twelve (12′) feet with a dirt or gravel berm of from three to four feet. Appellant further testified that as near as he could recall, when he came around the corner, the tractor was toward the center of the road. The appellant's own testimony was to the location of the tractor when he came around the corner is best shown by his answers to the following questions in reference to his effort to prove contributory negligence on the part of the employee:

"Q: When you arrived at that point and put on your brakes, now tell the court where this tractor was.

"A: It was coming down the middle of the road and would be up in here some place, but exactly where, *I don't know.* (Indicating) (Our emphasis).

"Q: What did this tractor driver do with reference to turning one way or the other?

"A: *I don't know.*" (Our emphasis).

"Q: You didn't see him turn his wheels that way?

"A: I didn't see what he did."

The burden of proof of contributory negligence rested upon appellant. We find no evidence that at or near the time of the accident that decedent's tractor was over the center of the road and onto that portion of the highway for vehicles proceeding in the direction which

appellant was proceeding. In describing the occurrence of the accident, appellant used such language as, "as near as I could recall"; "that the tractor was toward the center of the road"; and "I don't know" (indicating). The most that can be said for the appellant's testimony was that he testified the tractor was running close to the center of the east side.

This type of evidence is not sufficiently definite to discharge appellant's burden of proof, and, for this court to say as a matter of law that the driver of the tractor was guilty of contributory negligence. "Running near the center of the east side", and "towards the center", in view of the circumstances and other testimony, fails to raise a reasonable inference from which this court can say, as a matter of law, that the decedent was on the wrong side of the road, and, therefore, guilty of contributory negligence. More than once the record reveals appellant stated he did not know what the tractor did after first seeing it which was some distance away.

The evidence was sufficient to have warranted the trial court in finding that appellant's negligence was the proximate cause of the accident; that appellant, coming from the west, approaching the curve, which was grown up in grass and weeds, skidded in the curve toward the south-east and into and across the imaginary center line of the road from eighteen (18″) inches to two (2′) feet, bearing in mind there is no testimony in the record that the tractor, or any part thereof, was on or across the center line of the road. Neither does the appellant's estimation of measures lend consolation considering the width of the highway, the distance appellant's car travelled from the time he first observed the decedent driving the tractor, the length of skid marks, the direction in which

the skid marks were made, as well as the point of impact on the left front portion of appellant's car by the tractor wheels considering the fact that the evidence shows that portion of appellant's car to have been across the center portion of the highway.

No principle of law is better settled than that contributory negligence is a question of fact, for, in this case, the trial court, and that it is only in cases where the facts are undisputed and but a single inference can be drawn therefrom that this court can say, as a matter of law, that a course of conduct shown does or does not constitute contributory negligence. *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453; *Opple et al.* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81; *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391; 98 N. E. 2d 896; *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Tabor* v. *Continental Baking Company* (1941) (T. D. 1942), 110 Ind. App. 633, 38 N. E. 2d 257.

The facts of this case are not such, considering both the testimony and the physical circumstances, that but a single inference can be drawn, and hence not such as to show contributory negligence as a matter of law. To the contrary, the proven facts are such as to require the trial court to weigh the evidence in making his decision. This having been done, it was determined that Corder was not guilty of contributory negligence. Under such facts, we cannot substitute our opinion for that of the trial court.

Assuming, however, that the operator of the tractor was negligent in failing to keep his tractor on the right side of the highway, it was still for the court to say whether such negligence was a contributing cause of the accident in which his death occurred, or, in other words, whether the tractor driver's negligence was con-

tributory to the accident. *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. 2d 822, 40 N. E. 2d 999.

Finding no error, judgment affirmed.

NOTE.—Reported in 131 N. E. 2d 362.